## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CRYSTAL LAKE COMMUNITY ASSOCIATION, INC.,

    Plaintiff,

v.                                            Case No: 8:21-cv-151-CEH-AAS

PATRICK ZILIS, HOMETOWN AMERICA COMMUNITIES INC., HOMETOWN AMERICA MANAGEMENT, LLC, HOMETOWN COMMUNITIES LIMITED PARTNERSHIP, REALTY SYSTEMS, INC., MHC OPERATING LIMITED PARTNERSHIP, EQUITY LIFESTYLE PROPERTIES, INC., MHC CRYSTAL LAKE, LLC, ERIC ZIMMERMAN, STANLEY MARTIN, SCOTT MAUPIN, SYDNEY MORRIS, LINDA TOLENTINO, KATE RUSSO, FLORIDA MANUFACTURED HOUSING ASSOCIATION, INC., J. ALLEN BOBO, LUTZ, BOBO & TELFAIR, P.A. and HOMETOWN COMMUNTIES, LLC,

    Defendants.

_____/

## ORDER TO SHOW CAUSE

This matter comes before the Court *sua sponte*. Plaintiff, Crystal Lake Community Association, Inc., initiated this action by filing a two-count complaint in the Sixth Judicial Circuit in and for Pasco County, Florida. Doc. 1-1. The action was removed to federal court by Defendants based on the Court's original jurisdiction over

the Plaintiff's claim brought under the Americans with Disabilities Act ("ADA"). Doc. 1. Defendants alternatively asserted subject matter jurisdiction is proper in this court based on the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). *Id.* On February 25, 2021, Plaintiff amended its complaint dropping the federal claim under the ADA and stating only a single cause of action under Florida law. Doc. 16. Neither the original complaint nor the amended complaint explicitly cites to the CAFA, and it is not apparent from review of the Amended Complaint that the Court has jurisdiction on this basis. Absent subject matter jurisdiction under the CAFA, the Court still has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a). However, given the nature of the sole state law claim, the circumstances of this case, and the procedural posture, the Court finds retaining jurisdiction is likely inappropriate here.

## BACKGROUND

In its Amended Complaint, Plaintiff sues on behalf of itself in its representative capacity and 450 current and former mobile homeowners in the Crystal Lake Mobile Home Park. Doc. 16 at 3. Plaintiff names eighteen individual and corporate Defendants it alleges fit into four defined relationships: Hometown Park Sale Defendants, MHC/ELS Park Purchase Defendants, FMHA Trade Association Defendant, and Lutz Bobo Law Firm Defendants. *Id.* at 3–4. At least half of the Defendants are alleged to be Florida citizens, some are non-Florida citizens, and the

citizenship of the LLC and LP Defendants is unclear.[1] *Id.* ¶¶ 8–27. Plaintiff is a Florida citizen. *Id.* ¶ 4. Plaintiff sues Defendants for alleged violations of Florida's Antitrust Act, Chapter 542, Fla. Stat.

## DISCUSSION

### A. Supplemental Jurisdiction

When this action was removed, the Court had original jurisdiction over Plaintiff's federal ADA claim, *see* 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's pendent state law claim, *see* 42 U.S.C. § 1367(a). *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Because subject matter jurisdiction existed at the time of removal, Plaintiff's subsequent amendment eliminating its federal claim did not divest the Court of its subject matter jurisdiction over the remaining state law claim. *See Behlen v. Merrill Lynch*, 311 F.3d 1087, 1095 (11th Cir. 2002) (noting that "court had discretion to retain jurisdiction over the state law claims even after Behlen amended the complaint to remove any federal cause of action").

While the Court is not required to remand the case here, it may nevertheless decline to continue exercising supplemental jurisdiction over Plaintiff's remaining state law claim. *See* 28 U.S.C. § 1367(c); *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) (noting that "a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining

---

[1] *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (noting that citizenship of an LLC and an LP for purposes of diversity jurisdiction is the citizenship of its members or partners, respectively).

jurisdiction over the case would be inappropriate."); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088–89 (11th Cir. 2004). When deciding whether to exercise supplemental jurisdiction over a particular case, district courts consider "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims," as well as "the values of judicial economy, convenience, fairness, and comity." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997) (internal quotations omitted) (quoting *Cohill*, 484 U.S. at 350). Given the early stage of this proceeding and the filing of the Amended Complaint, in which the sole federal claim has been dropped, along with consideration of the principles of judicial economy, convenience, fairness, and comity, the Court is not inclined to exercise its discretion to retain jurisdiction over Plaintiff's remaining state law claim.

**B. CAFA Jurisdiction**

The initial Complaint and Amended Complaint allege state court jurisdiction, citing Fla. Stat. § 542.30. Doc. 1-1 ¶ 29; 16 ¶ 29. Further, Plaintiff alleges that it seeks damages over $30,000, the jurisdictional amount for state law claims. Doc. 1-1 ¶ 31, Doc. 16 ¶ 31. Complete diversity of jurisdiction is not alleged. Plaintiff does not allege the applicability of the CAFA.

In their notice of removal, Defendants claim the Court has subject matter jurisdiction under 28 U.S.C. § 1453 and the CAFA. Although Plaintiff does not specifically recite class action allegations under CAFA in its Amended Complaint, CAFA's mass action provisions extend federal diversity jurisdiction to certain actions

4

brought individually by large groups of plaintiffs. 28 U.S.C. § 1332(d)(11). The Eleventh Circuit has identified at least four requirements for an action to be deemed a mass action. "These requirements are: (1) an amount in controversy requirement of an aggregate of $5,000,000 in claims; (2) a diversity requirement of minimal diversity; (3) a numerosity requirement that the action involve the monetary claims of 100 or more plaintiffs; and (4) a commonality requirement that the plaintiffs' claims involve common questions of law or fact." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1202–03 (11th Cir. 2007). It is not apparent from review of the Amended Complaint that these requirements have been met to invoke this Court's jurisdiction under the CAFA. Specifically, the Court notes that the Amended Complaint does not allege an amount in controversy to satisfy jurisdiction under the CAFA.

Accordingly, it is hereby **ORDERED**:

Plaintiff and Defendants are directed to **SHOW CAUSE** as to why this action should not be remanded to the Sixth Judicial Circuit in and for Pasco County, Florida, on the basis that the circumstances of this case, the nature of the state law claim, the character of the governing state law, the relationship between the state and federal claim, as well as considerations of judicial economy, convenience, fairness, and comity weigh in favor of the Court declining supplemental jurisdiction. Additionally, the parties should address whether the CAFA applies to Plaintiff's state law claim and provides an independent basis for invoking this Court's subject matter jurisdiction.

The parties shall file a written response with the Court within **FOURTEEN (14) DAYS** from this Order. Failure to respond within the time provided will result in the remand of this action without further notice.

**DONE AND ORDERED** in Tampa, Florida on March 1, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any