UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CRYSTAL LAKE COMMUNITY
ASSOCIATION, INC.,

    Plaintiff,

v.                                                       Case No: 8:21-cv-151-CEH-AAS

PATRICK ZILIS, HOMETOWN
AMERICA COMMUNITIES INC.,
HOMETOWN AMERICA
MANAGEMENT, LLC,
HOMETOWN COMMUNITIES
LIMITED PARTNERSHIP, REALTY
SYSTEMS, INC., MHC OPERATING
LIMITED PARTNERSHIP, EQUITY
LIFESTYLE PROPERTIES, INC.,
MHC CRYSTAL LAKE, LLC, ERIC
ZIMMERMAN, STANLEY MARTIN,
SCOTT MAUPIN, SYDNEY
MORRIS, LINDA TOLENTINO,
KATE RUSSO, FLORIDA
MANUFACTURED HOUSING
ASSOCIATION, INC., J. ALLEN
BOBO, LUTZ, BOBO & TELFAIR,
P.A. and HOMETOWN
COMMUNTIES, LLC,

    Defendants.
_____/

## **ORDER**

This matter is before the Court on the parties' responses (Docs. 26, 27, 28) to the Court's Order to Show Cause. On March 1, 2021, the Court directed the parties to show cause why this action should not be remanded to state court. Doc. 19. The Court, having carefully considered the parties' responses, reviewed the pleadings, and

otherwise being fully advised in the premises, declines to exercise supplemental jurisdiction over Plaintiff's claim and remands this action to the Sixth Judicial Circuit in and for Pasco County.

## DISCUSSION

Plaintiff, Crystal Lake Community Association, Inc., initiated this action by filing a two-count complaint in the Sixth Judicial Circuit in and for Pasco County, Florida. Doc. 1-1. The action was removed to federal court by Defendants based on the Court's original jurisdiction over the Plaintiff's claim brought under the Americans with Disabilities Act ("ADA"). Doc. 1. Defendants alternatively asserted subject matter jurisdiction is proper in this court based on the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). *Id.* On February 25, 2021, Plaintiff amended its complaint dropping the federal claim under the ADA and stating only a single cause of action under Florida law. Doc. 16. Neither the original complaint nor the amended complaint explicitly cites to the CAFA, and it is not apparent from review of the Amended Complaint that the Court has jurisdiction on this basis. Absent subject matter jurisdiction under the CAFA, the Court still has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a). However, given the nature of the sole state law claim, the circumstances of this case, and the procedural posture, the Court finds retaining jurisdiction is inappropriate.

In its Amended Complaint, Plaintiff sues on behalf of itself in its representative capacity and 450 current and former mobile homeowners in the Crystal Lake Mobile Home Park. Doc. 16 at 3. Plaintiff names eighteen individual and corporate

Defendants it alleges fit into four defined relationships: Hometown Park Sale Defendants, MHC/ELS Park Purchase Defendants, FMHA Trade Association Defendant, and Lutz Bobo Law Firm Defendants. *Id.* at 3–4. At least half of the Defendants are alleged to be Florida citizens, some are non-Florida citizens, and the citizenship of the LLC and LP Defendants is unclear.[1] *Id.* ¶¶ 8–27. Plaintiff is a Florida citizen. *Id.* ¶ 4. Plaintiff sues Defendants in a single claim under Florida law for alleged violations of Florida's Antitrust Act, Chapter 542, Fla. Stat.

As previously noted, while the Court is not required to remand the case here, it may nevertheless decline to continue exercising supplemental jurisdiction over Plaintiff's remaining state law claim. *See* 28 U.S.C. § 1367(c); *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) (noting that "a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate."); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088–89 (11th Cir. 2004). When deciding whether to exercise supplemental jurisdiction over a particular case, district courts consider "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims," as well as "the values of judicial economy, convenience, fairness, and comity." *City of*

---

[1] *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (noting that citizenship of an LLC and an LP for purposes of diversity jurisdiction is the citizenship of its members or partners, respectively).

*Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997) (internal quotations omitted) (quoting *Cohill*, 484 U.S. at 350).

In its response to the Court's order to show cause, Defendant, Florida Manufactured Housing Association, Inc. argues that CAFA provides federal jurisdiction. Doc. 27. The Court disagrees as Plaintiffs have not alleged a claim under CAFA. Moreover, Defendants fail to carry their burden to establish the Plaintiff's claims arise under CAFA or that the jurisdictional threshold for a claim under the CAFA has been satisfied. Next, Defendants contend that because of the federal nature of Plaintiff's Florida Antitrust Act claim, the body of law that will guide the determination of the claim presented in the Amended Complaint is federal law. Docs. 26, 27. Thus, Defendants contend it would be more convenient for both sides and more judiciously economical, to be proceeding in federal court.

Given the early stages of this action and the filing of the Amended Complaint, in which CAFA is not alleged and the sole federal claim has been dropped, along with consideration of the principles of judicial economy, convenience, fairness, and comity, the Court declines to exercise its discretion to retain jurisdiction over Plaintiff's remaining state law claim under the Florida Antitrust Act.

As an initial matter, the Court finds considerations of judicial economy weigh against exercising supplemental jurisdiction. The pleadings are still in the initial stages of litigation, and the Court has not expended considerable resources at this stage of the proceedings. *See Lake Cnty. v. NRG/Recovery Grp., Inc.*, 144 F. Supp. 2d 1316, 1321

4

(M.D. Fla. 2001) (remanding where the court had not expended a significant amount of judicial labor).

Second, considerations of comity do not support exercising supplemental jurisdiction. "State courts, not federal courts, should be the final arbiters of state law." Baggett, 117 F.3d at 1353. And although Defendants contend the Florida Legislature construes the Florida Antitrust Act with due consideration of federal antitrust statutes, the claim is nevertheless based on a Florida statute. "It is a bedrock principle that 'needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.'" *Ameritox, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518, 540 (11th Cir. 2015) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). The Court has considered Defendants' contention that the antitrust claims will be guided by federal law, but concludes that, at best, this factor is neutral, particularly considering that issues related to the Florida Mobile Home Act may also be implicated in this action as noted in the parties' Case Management Report (Doc. 30 at 5).

Third, considerations of convenience do not weigh against declining to exercise supplemental jurisdiction. Because this case originated in state court and it appears that many of the parties are Florida citizens, *see* Doc. 16 at 12–15, the parties will not be inconvenienced by litigating the remaining state law claim in state court.

Finally, considerations of fairness do not weigh against declining to exercise supplemental jurisdiction here. To the contrary, a remand to state court merely effectuates Plaintiff's original choice of a state forum.

For the reasons stated above, the Court declines to continue to exercise supplemental jurisdiction over Plaintiff's state law claim.

Accordingly, it is hereby

**ORDERED**:

1. This action is REMANDED to the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida.

2. The Clerk is directed to transmit a certified copy of this Order to the Clerk of the Sixth Judicial Circuit Court, in and for Pasco County, Florida.

3. The Clerk is further directed to terminate any pending deadlines and close this case.

**DONE AND ORDERED** in Tampa, Florida on July 19, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any